IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN BRYCE ROSONDICH, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 15-1082-JDT-egb |
| ERIC HOLDER, | ) ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On April 10, 2015, Plaintiffs Dustin Bryce Rosondich and Xylie Eshleman, residents of Jacks Creek, Tennessee, filed a *pro se* complaint accompanied by motions to proceed *in forma pauperis* and a motion for a temporary restraining order ("TRO"). (ECF Nos. 1, 2, 3 & 4.)[1]  An amended complaint was filed on May 7, 2015. (ECF No. 10.)[2]  United States Magistrate Judge Edward G. Bryant subsequently granted leave to proceed *in forma pauperis*. (ECF No. 13.) On October 26, 2015, Magistrate Judge Bryant issued a Report and

---

[1] On April 13, 2015, Plaintiffs filed a motion for leave to file a DVD in support of their motion for a TRO and submitted the DVD to the Clerk. (ECF No. 8.) The motion to file the DVD is GRANTED.

[2] Plaintiffs filed a motion to amend on May 7, 2015. (ECF No. 10.) However, a complaint may be amended once as a matter of course without leave of Court. *See* Fed. R. Civ. P. 15(a)(1). Therefore, the motion to amend is DENIED as unnecessary, and the Court construes the document as an amended complaint.

Recommendation ("R&R") in which he recommended the case be dismissed *sua sponte* as frivolous. (ECF No. 14.) Objections to the R&R were due on or before November 12, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). However, Plaintiffs have filed no objections.

Plaintiffs sued now-former United States Attorney General Eric Holder in his individual and official capacities. In the complaint and amended complaint, Plaintiffs allege that the Defendant is responsible for relieving the nationwide "official oppression" they have experienced from various unnamed law enforcement personnel while attempting to operate motor vehicles in different jurisdictions. Plaintiffs contend they cannot legitimately be required to obtain a driver's license and registration. They seek an order requiring the Defendant to bar all law enforcement personnel in all jurisdictions in the United States from citing or arresting them for not having a driver's license, registration or insurance and from performing any search or seizure of Plaintiffs or collecting any data from Plaintiffs without a sworn complaint from an injured party. The Magistrate Judge has recommended dismissal prior to service on the Defendant on the ground that Plaintiffs' claims are frivolous.

Having reviewed the pleadings and the law, the Court agrees with Magistrate Judge Bryant's recommendation for dismissal. The issuance of a more detailed written opinion is unnecessary. Therefore, the R&R is hereby ADOPTED, and the complaint is DISMISSED as frivolous and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). The motion for a TRO is DENIED as moot.

The Court must also consider whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as frivolous and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiffs file a notice of appeal, they must also pay the

full $505 appellate filing fee or file motions to proceed *in forma pauperis* and supporting affidavits in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                     s/ **James D. Todd**
                                     JAMES D. TODD
                                     UNITED STATES DISTRICT JUDGE